UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL THOMPSON,

        Plaintiff,        CASE NO. 17-10490
                                  HON. DENISE PAGE HOOD

v.

MICHIGAN DEPARTMENT OF CORRECTIONS, *et al*,

        Defendants.
                                        /

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [#45] TO GRANT DEFENDANTS' MOTION TO DISMISS [#36]**

## I. BACKGROUND

This matter is before the Court on a Report and Recommendation (Doc # 45) filed by Magistrate Judge Stephanie Dawkins Davis to grant the Motion to Dismiss (Doc # 36) filed by Defendants Mary Grenier and Rosalyn Jindal, employees of Corizon, Inc. (collectively, "Defendants"). Plaintiff Daniel Thompson ("Thompson") has filed Objections to the Report and Recommendation. (Doc # 47) Defendants have filed a Response to the Objections. (Doc # 48) Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation, to which valid objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the

Court ADOPTS the Report and Recommendation and GRANTS Defendants' Motion to Dismiss.

The background facts of this matter are adequately set forth in the Magistrate Judge's Report and Recommendation, and the Court adopts them here.

This Court further accepts and adopts the Magistrate Judge's findings that were not raised in Plaintiff's Objections.

## II. ANALYSIS

### A. Standard of Review

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(b)(1)(C). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*. In order to preserve the right to appeal the Magistrate Judge's recommendation, a party must file objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.*, 932 F2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The motion to dismiss standard pursuant to Fed. R. Civ. P. 12(b)(6) is adequately set forth in the Magistrate Judge's Report and Recommendation, and the Court adopts it here.

### B. Thompson's Objection

Thompson objects to the Magistrate Judge's determination that he did not have a legitimate Eighth Amendment claim of "deliberate indifference to serious medical needs." To sustain an Eighth Amendment claim of "deliberate indifference to serious medical needs," a prisoner must: (1) demonstrate that his medical needs were "serious" and required attention that adhered to "contemporary standards of decency"; and (2) establish that defendants were "deliberately indifferent to those needs." *Hudson v. McMillan,* 503 U.S. 1, 8-9 (1992). Thompson argues that because he stated that he had post-polio syndrome in Exhibit E of his Response to Defendants' Motion to Dismiss, the Magistrate Judge was in error when she declared that he did not satisfy the first prong of the deliberate indifference test. Defendants respond by arguing that this Court should not consider Thompson's claim because he did not allege that he had post-polio syndrome in his Complaint.

The Court finds that the Magistrate Judge correctly concluded that Thompson failed to satisfy the objective component of his Eighth Amendment claim because he did not sufficiently allege what his disability was, nor establish that he had a serious medical need when Defendants revoked his accommodations. While

Thompson alleged that he had post-polio syndrome in his Response, for purposes of Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), this Court will only consider the pleadings. *Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993) ("When a party moves to dismiss an action under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, both sides proceed with the expectation that the court will decide the motion on the basis of the pleadings alone unless the court notifies them otherwise."). Therefore, Thompson's objection is overruled.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Davis (Doc # 45, filed August 10, 2018) is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (Doc # 36, filed October 31, 2017) is GRANTED. Defendants Mary Grenier and Rosalyn Jindal are dismissed.

<u>S/Denise Page Hood</u>
Denise Page Hood
Chief Judge, United States District Court

Dated:

September 28, 2018

4

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2018, by electronic and/or ordinary mail.

                              S/LaShawn R. Saulsberry
                              Case Manager